IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CR-278-BO
No. 5:16-CV-295-BO

| | |
|---|---|
| ARTAVIOUS QUONTA BODDIE, )<br>     Petitioner, )<br> )<br>v. )<br> )<br>UNITED STATES OF AMERICA, )<br>     Respondent. ) | O R D E R |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. [DE 42]. The stay previously entered in this matter has been lifted, and the parties have filed supplemental briefing or the time for doing so has expired. For the reasons that follow, petitioner's § 2255 motion is DENIED.

## BACKGROUND

Petitioner, Boddie, was sentenced on April 10, 2014, to a total term of 235 months' imprisonment following his plea of guilty to counts one and three of a seven-count indictment. Count one charged Boddie with conspiracy to obstruct, delay, and affect commerce by robbery, 18 U.S.C. § 1951(b), and count three charged Boddie with using, carrying, and possessing a firearm which was brandished during and in relation to a crime of violence, 18 U.S.C. § 924(c)(1)(A). [DE 28].

Boddie filed a 28 U.S.C. § 2255 motion challenging his conviction on count three, arguing that it was based on the unconstitutionally vague residual clause of 18 U.S.C. § 924(c). Upon a motion by the government, the case was stayed on July 11, 2016, to await decisions by the Fourth Circuit in *United States v. Walker*, 934 F.3d 375 (4th Cir. 2019), and *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019). Although *Simms* was decided on January 24, 2019, the mandate in *Simms* was stayed to await the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019).

Following the Supreme Court's decision in *Davis* and the Fourth Circuit's mandate in *Simms*, this Court *sua sponte* lifted the stay in this matter and ordered additional briefing. In this posture, the § 2255 motion is ripe for adjudication.

## DISCUSSION

A motion under 28 U.S.C. § 2255 will be granted where the petitioner has shown that his sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose the sentence, that the sentence was in excess of the maximum sentence authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). In his § 2255 motion, Boddie argues that his 18 U.S.C. § 924(c) conviction is invalid as it is based on predicate conviction that is no longer a crime of violence. Boddie relies on the Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015), as the basis for his claim. In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act's definition of a crime of violence is unconstitutionally vague. *Id.* at 2563; 18 U.S.C. § 924(e)(2).

A defendant shall be subject to a consecutive sentence if he "during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm or who, in furtherance of any such crime, possesses a firearm . . . ." 18 U.S.C. § 924(c)(1)(A). The predicate offense for Boddie's conviction under 18 U.S.C. § 924(c) in count three is his interference with commerce by robbery (Hobbs Act robbery) charge in count two. [DE 1]. Section 924(c) defines a crime of violence as a felony offense that

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another [the force clause], or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [the residual clause].

18 U.S.C. § 924(c)(3)(A)-(B). The residual clause of § 924(c)(3) is now invalid. *Davis*, 139 S. Ct. at 2336; *United States v. Simms*, 914 F.3d at 252. However, Hobbs Act robbery remains a

2

crime of violence under the force clause of § 924(c)(3)(A). *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019). That the Hobbs Act robbery charge supporting Boddie's § 924(c) conviction was dismissed is of no moment. *See United States v. Carter*, 300 F.3d 415, 425 (4th Cir. 2002); *United States v. Link*, 214 F. Supp. 3d 506, 518 (E.D. Va. 2016). Accordingly, Boddie's § 924(c) conviction stands because Hobbs Act robbery remains a qualifying predicate crime of violence under § 924(c)(3).

## Certificate of Appealability

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

Accordingly, for the foregoing reasons, petitioner's motion to vacate, set aside, or correct sentence [DE 42] is DENIED. A certificate of appealability is also DENIED.

SO ORDERED, this 23 day of September, 2019.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE